**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

D.E.B.R.P.,                                                 :
                                                           :
               Petitioner,             :
                                                           :
v.                                                         :    Case No. 4:26-cv-272-CDL-AGH
                                                           :           28 U.S.C. § 2241
Warden, STEWART DETENTION          :
CENTER, *et al.*,                                   :
                                                           :
              Respondents.          :

_____

**ORDER**

On February 18, 2026, the Court ordered that Respondents provide Petitioner with a bond hearing within seven days to determine if Petitioner may be released on Bond, or file a motion seeking relief from the order.  Order 2, ECF No. 3.  The Court also ordered that once a bond hearing was held, Petitioner should file a notice of dismissal.  *Id.*  When the time for compliance passed without the filing of either a motion from Respondents seeking relief or a notice of voluntary dismissal from Petitioner, the Court ordered the parties to file a status report or for a dismissal to be filed.  Text-Only Order, Mar. 4, 2026, ECF No. 5.  In response, Petitioner filed a status report indicating that a bond hearing was scheduled for February 24, 2026.  Pet'r's Status Rep. 2, ECF No. 6.  However, Petitioner stated that due to technical difficulties with the virtual hearing, the immigration judge ("IJ") granted Petitioner's request to withdraw the motion and refile.  *Id.*  On March 4, 2026, Petitioner re-filed his bond motion.  *Id.*

On March 20, 2026, the Court directed Petitioner to file another status report as to whether a bond hearing had been held.  Text-Only Order, ECF No. 6.  However, instead of filing a status report in this case, Petitioner filed a new habeas petition under case number 4:26-cv-442-CDL-ALS.  In the newly filed Petition, Petitioner argues that a bond hearing was held but that the IJ denied bond on the grounds that (1) Petitioner was a flight risk, (2) was only a recent entrant to the United States, (3) that he had previously failed to appear at a hearing—which Petitioner states is erroneous—and, (4) because Petitioner did not have a United States citizen sponsor. Pet. ¶ 2, Case No. 4:26-cv-442-CDL-ALS, ECF No. 1.  Petitioner argues that the hearing violated due process because it was not based on a consideration of the "totality of circumstances" but on "illusory, policy driven findings as to bond ineligibility based on 'flight risk' or 'danger to the community.'"  *Id.* ¶¶ 2, 5.  Because Petitioner already had an open case, the Court ordered that petitioner's newly filed petition be consolidated into this case and that case number 4:26-cv-442-CDL-ALS be administratively closed.  Order 2, Mar. 23, 2026, ECF No. 8.

The Court then received Petitioner's second status report in this case. In the status report, Petitioner states that the above-summarized bond hearing was held on March 6, 2026.  Pet'r's 2d Status Rep. 2, ECF No. 9.  Petitioner repeats his contention that the bond hearing violated due process.  *Id.*  He then states that he "does not oppose keeping this case administratively closed until he files a new habeas action." *Id.*  However, the Court consolidated his new habeas action into the present case and administratively closed the new habeas action, not this one.  Thus, if Petitioner wants

2

to raise a challenge to the manner in which his bond hearing was conducted, it will need to be in this action.

Other petitioners have made similar allegations regarding their bond hearings and filed motions to enforce judgment or court orders. In order to expedite consideration of those motions, the Court consolidated them into one case. *See R.R.C. v. Streeval*, 4:25-cv-252-CDL-CHW. The consolidation order is attached. It may be that Petitioner wishes the Court to construe his newly filed petition as a motion to enforce the Court's Order (ECF No. 3) and to consolidate this case into *R.R.C.* Therefore, the Court orders that within **SEVEN (7) DAYS**, Petitioner either file a motion to consolidate this case into *R.R.C.* or show cause why this action should not be dismissed as moot in light of the fact that he was provided with a bond hearing as ordered.

**SO ORDERED**, this 24th day of March, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| *R.R.C.*, *et al.*, | * | CASE NOS. 4:25-CV-525 (CDL) |
| | | 4:25-cv-527 (CDL) |
| Petitioners, | * | 4:26-cv-073 (CDL) |
| | | 4:26-cv-076 (CDL) |
| vs. | * | 4:26-cv-098 (CDL) |
| | | 4:26-cv-163 (CDL) |
| WARDEN, STEWART DETENTION | * | 4:26-cv-176 (CDL) |
| CENTER, *et al.*, | | 4:26-cv-226 (CDL) |
| | * | 4:26-cv-249 (CDL) |
| Respondents. | | 4:26-cv-266 (CDL) |
| | * | 4:26-cv-271 (CDL) |

O R D E R

Petitioners are detainees at the Stewart Detention Center awaiting removal proceedings.  The Court previously ordered Respondents to provide Petitioners with bond hearings to determine if each Petitioner may be released on bond under 8 U.S.C. § 1226(a) and the applicable regulations.  Petitioners assert that an immigration law judge failed to provide them with constitutionally adequate bond hearings, and each Petitioner filed a motion to enforce judgment.

The above captioned cases involve common questions of law and fact.  Therefore, they are consolidated pursuant to Federal Rule of Civil Procedure 42.  The lead case shall be 4:25-CV-525 (CDL), and all future filings, including Petitioners' forthcoming motion for discovery and Respondents' response to that motion, should be filed only in that case.

For any additional cases that raise common questions of law and fact because of a similar motion to enforce judgment based on an immigration judge's alleged failure to provide a constitutionally adequate bond hearing, counsel for the petitioner shall file a notice in that case stating that it should be consolidated into this action.  Upon receipt of such a notice, the Clerk shall consolidate the action into this action.

IT IS SO ORDERED, this 24th day of February, 2026.

S/Clay D. Land

CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA