**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| D.E.B.R.P., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:26-cv-272-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION | : | |
| CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## ORDER

On February 18, 2026, the Court ordered that Respondents provide Petitioner with a bond hearing within seven days to determine if Petitioner may be released on Bond, or file a motion seeking relief from the order. Order 2, ECF No. 3. The Court also ordered that once a bond hearing was held, Petitioner should file a notice of dismissal. *Id.* When the time for compliance passed without the filing of either a motion from Respondents seeking relief or a notice of voluntary dismissal from Petitioner, the Court ordered the parties to file a status report or for a dismissal to be filed. Text-Only Order, Mar. 4, 2026, ECF No. 5. In response, Petitioner filed a status report indicating that a bond hearing was scheduled for February 24, 2026. Pet'r's Status Rep. 2, ECF No. 6. However, Petitioner stated that due to technical difficulties with the virtual hearing, the immigration judge ("IJ") granted Petitioner's request to withdraw the motion and refile. *Id.* On March 4, 2026, Petitioner re-filed his bond motion. *Id.*

On March 20, 2026 , the Court directed Petitioner to file another status report as to whether a bond hearing had been held.  Text-Only Order, ECF No. 6.  However, instead of filing a status report in this case, Petitioner filed a new habeas petition under case number 4:26-cv-442-CDL-ALS.  In the newly filed Petition, Petitioner argued that a bond hearing was held but that the IJ denied bond on the grounds that (1) Petitioner was a flight risk, (2) was only a recent entrant to the United States, (3) that he had previously failed to appear at a hearing—which Petitioner states is erroneous—and, (4) because Petitioner did not have a United States citizen sponsor. Pet. ¶ 2, Case No. 4:26-cv-442-CDL-ALS, ECF No. 1.  Petitioner argued that the hearing violated due process because it was not based on a consideration of the "totality of circumstances" but on "illusory, policy driven findings as to bond ineligibility based on 'flight risk' or 'danger to the community.'"  *Id.* ¶¶ 2, 5.  Because Petitioner already had an open case, the Court ordered that petitioner's newly filed petition be consolidated into this case and that case number 4:26-cv-442-CDL-ALS be administratively closed.  Order 2, Mar. 23, 2026, ECF No. 8.

The Court then received Petitioner's second status report in this case. In the status report, Petitioner stated that the above-summarized bond hearing was held on March 6, 2026.  Pet'r's 2d Status Rep. 2, ECF No. 9.  Petitioner repeated his contention that the bond hearing violated due process.  *Id.*  He then stated that he did "not oppose keeping this case administratively closed until he file[d] a new habeas action."  *Id.*  However, at that point, Petitioner had already filed his new habeas petition and the Court had consolidated it into the present case and administratively

closed the new habeas action.

Therefore, the Court entered an order explaining to Petitioner that if he wanted to raise a challenge to the manner in which his bond hearing was conducted, he needed to raise the issue in this action.  Order 2-3, Mar. 24, 2026, ECF No. 10. The Court noted that other petitioners had made similar allegations regarding their bond hearings and filed motions to enforce judgment or court orders and that those motions had been consolidated into *R.R.C. v. Streeval*, 4:25-cv-525-CDL-CHW.  *Id.* at 3.  The Court attached the consolidation order.  *Id.* at 4-5.  Petitioner was instructed that if he wished his newly filed petition to be construed as a motion to enforce the Court's order that he either needed to file a motion to consolidate this case into *R.R.C.* or show cause why this action should not be dismissed as moot in light of the fact that he was provided with a bond hearing as ordered.

The time for compliance has passed and Petitioner has filed nothing, so it is not clear to the Court that Petitioner wishes to pursue this matter any further. Therefore, Petitioner shall have one further chance to clarify his position.  If he contends that this case is not moot in light of him receiving the bond hearing as ordered, then he shall have **SEVEN (7) DAYS** to file a motion to enforce the Court's order, setting forth his grounds.  If no such motion is received, then this action may be dismissed as moot.

**SO ORDERED**, this 9th day of April, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

3